JUAN ARROYO RODRÍGUEZ, Petitioner, *v.* DISTRICT COURT OF PUERTO RICO, SAN JUAN SECTION, HON. PEDRO PÉREZ PIMENTEL, JUDGE, Respondent.

No. 1852. Argued January 2, 1951.—Decided February 13, 1951.

*E. Martínez Avilés* for petitioner.

MR. JUSTICE SNYDER delivered the opinion of the Court.

Juan Arroyo Rodríguez sued Carlos Sánchez Reverón and Rosalina González de Sánchez in the district court for collection of money. On motion of the plaintiff, an automobile, supposedly belonging to Rosalina González de Sánchez, was attached to assure the effectiveness of the judgment which might be rendered in the case. Alleging that she was the owner of the automobile, Carmen Sánchez filed a sworn statement and bond with the marshal praying for delivery of the automobile to her *in custodia legis.* See §§ 1 and 2 of the

Act of March 14, 1907, as found at p. 109, Code of Civil Procedure, 1933 ed., and as amended by Act No. 31, Laws of Puerto Rico, 1937.

On March 23, 1950 the secretary of the district court sent a notice to the parties to the effect that (*a*) the marshal had filed the sworn statement and bond in the office of the secretary on March 20, and that (*b*) pursuant to § 11 of the Act of 1907, as amended by the Act of March 12, 1908, the parties were required to appear ten days after the said notice.[1] The notice to Carmen Sánchez was addressed to her c/o Lic. Emilio Fragoso.

On March 24 the plaintiff made a motion praying that the third-party proceeding be declared null because (*a*) the third-party bond did not describe the properties belonging to the bondsmen and (*b*) the marshal had done nothing with reference to approval of the bond and had not complied with § 5 of the Act for third-party proceedings. On March 27 Lic. Emilio Fragoso, who had filed an answer on behalf of the defendants, withdrew as counsel for the defendants from the suit because he would be a witness in the third-party incident. His motion of withdrawal asserts that the latter incident is being handled by Lic. Rafael F. Barbosa. However, nothing in the record shows such representation by Lic. Barbosa until a later date. On March 24 the plaintiff filed a "special appearance", "solely for the purpose of the appearance provided by § 11 . . .".

---

[1] Section 11 reads as follows:

"As soon as the secretary of the court shall have received the oath and bond, he shall notify all parties to the suit of such fact, who shall be required to appear after ten days' notice, and if such notice has been perfected, parties appear, the court shall direct an issue to be made in writing and tried as in other cases and parties to the first suit shall always be parties in the suit to establish the rights of a third party.

"Said issue shall consist of a brief statement of the nature of the right of the claimant by which he seeks to claim as his own and to exclude from the operation of such levy the property in dispute, and of the authority and right of the defendant or defendants in such proceeding to subject the property levied on to the writ."

On April 10 the plaintiff filed a motion praying for dismissal of the third-party proceedings. He alleged that the third party had failed to appear within 10 days of notification as required by § 11 and that consequently the proceeding should be dismissed pursuant to § 12.[2] The motion also prayed that the proceeding be dismissed without holding the hearing, which was set for the same date, on the motion of March 24 of the plaintiff attacking the validity of the bond and the procedure followed by the marshal.

On April 10 Carmen Sánchez, the third party, filed a motion, which was granted, requesting that from that date Lic. Barbosa be considered as her attorney of record. Despite the request of the plaintiff of April 10 not to do so, the district court held a hearing on that date on the merits of the motion of March 24. On April 11 the lower court denied the latter motion, provided the third party within 48 hours amended her bond in accordance with § 355 of the Code of Civil Procedure.

On April 11 the plaintiff filed an amended motion to dismiss for the same reasons stated in his motion of April 10. On April 19 the third party filed the amended bond required by the order of April 11. On April 19 the lower court approved the bond. Apparently not being aware that the amended bond had been filed by the third party and approved on the preceding day, on April 20 the plaintiff filed a motion for dismissal on the ground that no amended bond had been filed within 48 hours as required by the order of April 11.

On April 26 Lic. Barbosa filed on behalf of the third party an appearance *which recited that the latter received the notice of the secretary of the district court from Lic. Fragoso for the first time on April 8.* The appearance goes on to describe the motion attacking the proceeding and the

---

[2] Section 12 reads as follows:

"If the plaintiff does not appear after being duly notified, a non-suit shall be entered against him, and if the defendant fails to appear judgment shall be entered by default."

disposition thereof. It then recites that "the third party now understanding that the requisites as to the third party incident have now been perfected, makes her special appearance by virtue of this document . . .".

On May 1 the lower court denied the amended motion of April 11 to dismiss the third-party proceeding for failure of the third party to file her appearance within ten days of notification by the secretary of the proceeding, as required by §§ 11 and 12. The plaintiff filed a motion for reconsideration which was denied. We granted the petition of the plaintiff for certiorari to review the order of May 1.

 We do not have before us the question of the validity of the amended bond and the action of the lower court in approving it. The only question presented by the petitioner is the alleged failure of the third party to file her appearance within ten days. But our recital of the facts demonstrates that the secretary sent the notice to the third party c/o Lic. Fragoso, who never represented her. Consequently, the earliest date on which she could be considered as notified was April 8, when Lic. Fragoso, according to her counsel, turned the notice over to her. *Rodríguez v. Fonalledas*, 71 P.R.R. 783.[3] And on April 10 the third party (*a*) filed a motion designating Lic. Barbosa as her counsel and (*b*) participated through her counsel in the hearing on the motion of March 24. It is true that Lic. Barbosa did not file what he called her "appearance" until April 26, which was more than 10 days after April 8. But it is not necessary to file a paper which contains the words "I appear" in order to comply with § 11. The steps taken by the third party on April 10 demonstrated that she was not abandoning her claim

---

[3] It could perhaps be argued that her time to appear began to run from April 3, in view of the statement by the lower court that on April 3 Lic. Barbosa had requested postponement on the ground that he had taken charge of the case on April 3. However, we need not pass on this question, as we hold hereinafter that the third party in substance and in legal effect appeared on April 10, which was in time even if the ten days began to run on April 3 rather than from April 8.

but rather was appearing in court to sustain it. She therefore "appeared" on April 10 and her formal "appearance" on April 26 was superfluous. Consequently, we cannot hold that she did not "appear" as required by § 11 within 10 days of notice and that the proceedings must be dismissed under § 12. The lower court on May 1 properly denied the motion for dismissal. And the parties are now in a position to comply with the order of the district court of May 3 that "All the parties having now appeared in the third-party proceeding, it is ordered that within ten (10) days the question be presented in writing, pursuant to § 11 . . ." [4]

The writt of certiorari will be discharged.

---

[4] The only case cited by the petitioner, *A. Alvarez & Hnos.* v. *District Court*, 52 P.R.R. 516, is not in point. That case holds only that a claimant is entitled to a judgment by default if the parties do not appear within ten days after notice. The problem of what constitutes such an "appearance" was not involved in that case.